**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
William A. Baird, Esq. (SBN 192675)
Adam M. Tamburelli, Esq. (SBN 301902)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone:     (818) 991-8080
Facsimile:     (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com
atamburelli@marlinsaltzman.com

**LAW OFFICE OF W. HANSULT**
William Hansult, Esq. (SBN 200915)
1399 Ramona Avenue, # C
Grover Beach, California 93433
Telephone:     (805) 489-1448
hansultlaw@aol.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEG LARSON** and **DIANE CABRERA**, individually and on behalf of and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>**PURITAN'S PRIDE INC.**, a New York corporation, **THE NATURE'S BOUNTY CO. f/k/a NBTY, INC.**, a Delaware corporation, and **DOES 1-10**, inclusive,<br><br>               Defendants. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT [Cal. Civil Code § 1750, *et seq.*];**<br>2. **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, [Cal. Bus. & Prof. Code § 17500, *et seq.*];**<br>3. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [Cal. Bus. & Prof. Code § 17200, *et seq.*]; and**<br>4. **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

     Plaintiffs MEG LARSON and DIANE CABRERA (collectively, "Plaintiffs") allege the following against Defendants PURITAN'S PRIDE, INC. ("Puritan's Pride"), THE NATURE'S BOUNTY CO. f/k/a NBTY, INC. ("NBTY"), and DOES 1-10, inclusive (collectively, "Defendants"):

## NATURE OF THE ACTION

1.     Plaintiffs bring this action on behalf of themselves and all California residents who purchased any "Puritan's Pride" branded vitamins, minerals, herbs, specialty supplements, and sports/active nutrition products marketed and advertised in the manner below (hereinafter "Product" or "Products") during the relevant times set forth in this Complaint. Upon information and belief, the Products are manufactured, distributed, marketed, advertised and sold by Defendants.

2.     Through Defendants' marketing and advertising campaign for the Products, Plaintiffs and members of the Class were promised that if they purchased one Product from Defendants, they could obtain other Products for "free." For example, Defendants offered promotions such as "buy one get one free" or "buy two get three free." Additionally, Defendants misrepresented, and continue to misrepresent, that this purported "buy something get something free" promotion is only available for a limited time when, in fact, there was no time in at least the previous four (4) years that the Products were not advertised and sold in in conjunction with this promotion.

3.     Defendants' marketing and advertising campaign for the Products was and is false, deceptive, and misleading because the majority of sales of the Products were accomplished via this "buy something get something free" program, yet consumers did not receive any "free" Products because the cost of those Products were built into the price of Products that the consumer was purchasing. Thus, consumers did not receive the advertised value (free products) for the price that they paid.

4.     Defendants engage in the above systemic and continuous practices of disseminating false, deceptive, and misleading information about the Products via an extensive and comprehensive nationwide marketing campaign, consisting of, *inter alia*, internet postings, blast emails, targeted emails, and mail-order catalogues. This marketing and advertising campaign is intended to induce unsuspecting consumers, including Plaintiffs and members of the Class, into purchasing millions of dollars worth of Puritan's Pride branded Products at a premium price.

**Class Action Complaint**

5.      Relying on Defendants' false, deceptive, and/or misleading marketing and advertising campaign, Plaintiffs and members of the Class unknowingly purchased, and continue to purchase, the Products at a premium price, which they would not have done had they known the truth.

6.      Defendants' conduct alleged herein constitutes a violation of the California Consumers Legal Remedies Act ("CLRA"), Civ. Code § 1750, *et seq.*, the California False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq.*, and the California Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.*, and also constitutes unjust enrichment.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because at least one member of the putative Class is a citizen of a State other than that of the Defendants, there are more than 100 Class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000, exclusive of interests and costs. Personal jurisdiction is proper as Defendants have purposefully availed themselves of the privilege of conducting business activities within this District.

8.      Venue is proper under 28 U.S.C. § 1391 because Defendants, at all material times, haves had continuous and systematic contacts in this District by actively doing business and perpetuating the deceptive business practices that are the subject of this lawsuit in this District.  In addition, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

9.      Plaintiff Larson is a citizen of California and an individual consumer. During the Class Period, Plaintiff Larson purchased Products from the Puritan's Pride website on multiple occasions. These Products included, but were not limited to, Garcinia Cambogia, Resveratrol, L-Arginine, Zinc, Calcium, Biotin, Probiotic Acidophilus, Vitamin B-12, L-Lysine, Lutein, Vitamin D3, and Glucosamine. Plaintiff Larson's purchases took place at various times during the Class period and before, with the last purchase occurring in September, 2016. Each of Plaintiff Larson's purchases were made under Defendants' "buy one get one free" or "buy one

1   get two free" promotion.

2       10.     Plaintiff Cabrera is a citizen of California and an individual consumer. During

3   the Class Period, Plaintiff Cabrera purchased Products from the Puritan's Pride website on

4   several occasions. On December 17, 2015, Plaintiff Cabrera purchased Coconut Oil for Skin &

5   Hair under a "buy one get two free" promotion. On May 19, 2016, she purchased Grapefruit

6   100% Pure Essential Oil under a "buy one get one free" promotion.

7       11.     Immediately prior to purchasing the Products, Plaintiffs saw and relied upon

8   Defendants' false and misleading marketing and advertising campaign alleged herein. But for

9   Defendants' misrepresentations that they were receiving "free" Products, Plaintiffs would not

10  have purchased the Products.

11      12.     Plaintiffs maintain an interest in purchasing the Products in the future, and intend

12  to do so if Defendants' misconduct alleged herein is remedied.

13      13.     Defendant Puritan's Pride is a New York corporation, with its principal place of

14  business located at 2100 Smithtown Avenue, Ronkonkoma, New York. Puritan's Pride markets

15  vitamins, minerals, herbs, specialty supplements, and sports/active nutrition products via mail

16  order catalogues and the internet.  Puritan's Pride is a subsidiary of NBTY.

17      14.     Upon information and belief, Defendant Puritan's Pride is not a "general

18  merchandise retailer" as defined by California law. All sales are shipped directly to the

19  consumer from their distribution center in Long Island, New York, and Puritan's Pride sells

20  Products and ships to all 50 states and internationally.

21      15.     NBTY is a Delaware corporation, with its principal place of business located at

22  2100 Smithtown Avenue, Ronkonkoma, New York. NBTY manufactures and sells vitamins,

23  minerals, herbs, specialty supplements, and sports/active nutrition products. Additionally,

24  NBTY conducts direct response/e-commerce sales of predominantly their own branded products

25  via their subsidiary Puritan's Pride, and carried under the Puritan's Pride brand name.

26      16.     In its 10-K filing with the Securities and Exchange Commission, NBTY states

27  that "[t]hrough our internet and mail-order catalogs, we are a leader in the U.S. direct response

28  VMHS industry [the vitamin, mineral, herbal and dietary supplement industry], offering a full

**Class Action Complaint**

line of VMHS products and selected personal care and sports nutrition items under our Puritan's Pride® brand, … our Puritan's Pride website, www.puritan.com, generated an average of approximately 1.3 million unique visitors per month."

17.     DOES 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through 10, inclusive and for that reason, DOES 1 through 10 are sued under such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

18.     Plaintiffs are informed and believe, and based thereon allege, that Defendants acted in concert with each other and participated in the events, acts, practices and courses of conduct described herein. Defendants are therefore sued as principals or agents, partners, servants and employees of the principals or any combination thereof, and all acts performed by them as agents, partners, servants and employees were done within the course and scope of their association partnership, agency or employment and with the knowledge, consent, approval and ratification of the principals. Whenever in this complaint reference is made to "Defendant" or "Defendants" such allegation shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this lawsuit, both individually and on behalf of similarly situated consumers, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The proposed Class is defined as follows:

> All California residents who purchased Puritan's Pride branded vitamins, minerals, herbs, specialty supplements, and/or sports/active nutrition products from Defendants at any time beginning 4 years preceding the filing of this Complaint and continuing to the present.

Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal

representative, heir, or assign of Defendants. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his or her immediate family and judicial staff, and any juror assigned to this action.

20.   **Numerosity:** The members of the Class are so numerous that joinder of all members would be unfeasible and not practicable. The total membership of the Class is unknown to Plaintiffs at this time; however, it is estimated that the there are more than one thousand (1,000) individuals in the Class. The identity of such membership is readily ascertainable via inspection of Defendants' books and records or other approved methods. Similarly, Class members may be notified of the pendency of this action by mail, email, internet postings, and/or publication.

21.   **Common Questions of Law or Fact:** There are common questions of law and fact as to Plaintiffs and all other similarly situated persons, which predominate over questions affecting only individual Class members, including, without limitation:

a.   whether Defendants misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling, and sale of the Products;

b.   whether Defendants' conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;

c.   whether Defendants knowingly advertised goods with intent not to sell them as advertised;

d.   whether Defendants' practices are likely to deceive reasonable consumers;

e.   whether Defendants knowingly made false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions;

f.   whether Defendants knowingly represented that a transaction confers or involves rights, remedies, or obligations which it does not have or involve;

g.   whether Defendants' acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution, and sale of the

Products violated the laws alleged herein;

h.   whether Plaintiffs and members of the Class have sustained monetary loss and the proper measure of that loss;

i.   whether Plaintiffs and members of the Class are entitled to injunctive and other equitable relief; and

j.   whether Defendants were unjustly enriched by their conduct.

22.   **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendants' practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

23.   **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, Plaintiffs and all Class members were comparably injured through Defendants' misconduct described above. As alleged herein, Plaintiffs, like the members of the Class, purchased Puritan's Pride branded Products after exposure to the same material misrepresentations and/or omissions appearing in Defendants' marketing and advertising campaign. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members. Further, there are no defenses available to Defendants that are unique to Plaintiffs or to either Plaintiff.

24.   **Adequacy of Representation:** Plaintiffs are adequate class representatives because they are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class, and because their interests do not conflict with the interests of other Class members they seek to represent. Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent Plaintiffs and the members of the Class. Plaintiffs' attorneys are experienced in complex class action litigation, and they will prosecute this action vigorously. The Class' interests will be fairly and adequately protected by Plaintiffs and their counsel, who are experienced class action lawyers.

25.     **Superiority:** The nature of this action and the format of laws available to Plaintiffs and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

26.     As such, the Class identified in Paragraph 19 is maintainable as classes under Fed. R. Civ. P. 23(a) and Rule 23(b)(1), (b)(2), and/or (b)(3).

## FACTUAL ALLEGATIONS

27.     Defendants directly market and advertise Puritan's Pride branded vitamins, minerals, herbs, specialty supplements, and sports/active nutrition products to consumers.

28.     Defendants sold and continue to sell the Products through the internet, targeted and "blast" email offers, Defendants' interactive website, and mail order catalogs sent throughout the United States. Defendants ship their Products directly to the consumer from the orders received, and Defendants assign customer numbers to purchasers and mail catalogs and send emails to customers and those on their mailing lists.

29.     At all times relevant to this Complaint, Defendants have made, and continue to make, misrepresentations and/or omissions regarding "free" Products. Specifically, Defendants represent, through extensive and widespread marketing and advertising campaigns that have

been ongoing for years, that consumers will receive additional "free" Products with the purchase of a Product or Products, and that these offers of "free" products represent deep discounts that are only available for a limited time.

30.     For example, as depicted below, Plaintiff Cabrera received catalogs in the mail from Defendants, and on the top of front cover there was a banner which declared, in bold letters, that this sale is a "SEMI-ANNUAL EVENT… BUY 2 GET 3 FREE" or "Buy 1 Get 1 Free." On another catalog, the front cover proclaimed: "BEST SALE OF THE YEAR! Buy 1 get 2 FREE."  Another stated, "THE BEST SALE OF THE YEAR IS BACK! Buy 1 Get 2 Free."

  

31.     An email Defendants sent stated in bold print and in the fine print that the special "Buy 1 Get 2 Free" represents a "67% Savings!"

32.     Defendants also featured and continue to feature the promotion of purportedly "free" Products or deep discounts for a limited time prominently on the interactive Puritan's Pride website. For example, the website currently depicts this continuing promotion as follows:

/ / /

/ / /

/ / /

/ / /

**Class Action Complaint**



33.     Additionally, Defendants prominently display this promotion when consumers click on specific Products on the Puritan's Pride website, as shown by the example below:



34.     Defendants conceal that their marketing and advertising campaign promising "free" Products is permanent, and intend to induce consumers to make expedited purchases by falsely representing that they can only obtain "free" products if they act quickly.

35.     On information and belief, there has been no time in the preceding four (4) years when Defendants were not purportedly giving Products away for "free" under the promotion described herein. Indeed, Puritan's Pride catalogues from at least Summer, 2013 advertise the Products this way.

36.     Defendants' representation that consumers will receive "free" Puritan's Pride

-10-

**Class Action Complaint**

products as gifts if they purchase Products is the centerpiece of Defendants' widespread and pervasive nationwide advertising campaign, and is designed to induce customers to purchase Products.

37.    Plaintiffs and members of the Class were induced to purchase Products because they reasonably and justifiably believed, based on Defendants' representations, that if they purchased a Product at what was represented to be the regular price, they were going to receive a Product or multiple Products for free, and that this offer was only available for a limited time.

38.    Despite Defendants' representations, consumers are not receiving anything "free." Rather, the cost of the "free" Products is built into the price of the Products that Plaintiffs and the Class purchased.

39.    By marketing the Products in the manner described above, Defendants are able to obtain a larger market share than their competitors.

40.    Defendants knew, or should have known, that the marketing and advertising campaign for the Products was false, deceptive, and misleading because the "free" Products promotion never stopped. Additionally, the practice of marketing "free" products is highly regulated by Federal statutes and regulations. For example, 16 C.F.R. § 251.1 provides detailed descriptions, explanation and guidance concerning buy-one-get-one advertising as being fraudulent, deceptive, and misleading in all 50 States.  That regulation states, in relevant part:

(a) General.

(1) The offer of Free merchandise or service is a promotional device frequently used to attract customers. Providing such merchandise or service with the purchase of some other article or service has often been found to be a useful and valuable marketing tool.

(2) Because the purchasing public continually searches for the best buy, and regards the offer of Free merchandise or service to be a special bargain, all such offers must be made with extreme care so as to avoid any possibility that consumers will be misled or deceived.  Representative of the language frequently used in such offers are Free, Buy 1-Get 1 Free, 2-for-1 Sale, 50% off with purchase of Two, 1 Sale, etc. (Related representations that raise many of the same questions include Cents-Off, Half-Price Sale, 1/2 Off, etc. See the Commission's Fair Packaging and Labeling Regulation Regarding Cents-Off and Guides Against Deceptive Pricing.)

(b) Meaning of Free.

(1) The public understands that, except in the case of introductory offers in connection with the sale of a product or service (See paragraph (f) of this section), an offer of Free merchandise or service is based upon a regular price for the merchandise or service which must be purchased by consumers in order to avail themselves of that which is represented to be Free. In other words, when the purchaser is told that an article is Free to him if another article is purchased, the word Free indicates that he is paying nothing for that article and no more than the regular price for the other. Thus, **a purchaser has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise or service by marking up the price of the article which must be purchased, by the substitution of inferior merchandise or service, or otherwise**.

(2) The term regular when used with the term price, means the price, in the same quantity, quality and with the same service, at which the seller or advertiser of the product or service has openly and actively sold the product or service in the geographic market or trade area in which he is making a Free or similar offer in the most recent and regular course of business, for a reasonably substantial period of time, i.e., a 30-day period. For consumer products or services which fluctuate in price, the regular price shall be the lowest price at which any substantial sales were made during the aforesaid 30-day period. **Except in the case of introductory offers, if no substantial sales were made, in fact, at the regular price, a Free or similar offer would not be proper**.

…

(f) Introductory offers.

(1) No Free offer should be made in connection with the introduction of a new product or service offered for sale at a specified price unless the offeror expects, in good faith, to discontinue the offer after a limited time and to commence selling the product or service promoted, separately, at the same price at which it was promoted with the Free offer.

(2) In such offers, no representation may be made that the price is for one item and that the other is Free unless the offeror expects, in good faith, to discontinue the offer after a limited time and to commence selling the product or service promoted, separately, at the same price at which it was promoted with a Free offer.

…

(h) Frequency of offers. **So that a Free offer will be special and meaningful, a single size of a product or a single kind of service should not be advertised with a Free offer in a trade area for more than 6 months in any 12-month period**. At least 30 days should elapse before another such offer is promoted in the same trade area. No more than three such offers should be made in the same area in any 12-month period. In such period, the offeror's sale in that area of the product in the size promoted with a Free

offer should not exceed 50 percent of the total volume of his sales of the product, in the same size, in the area.

16 C.F.R. § 251.1 (emphasis added).

41.     Defendants misrepresented and concealed material facts regarding the terms of "free" Products that, if known to the consumers, would have affected their purchasing decisions. Indeed, Plaintiffs and members of the Class would not have believed that they were obtaining the same value for their purchases had they known that the price for purchased Products included the price for the purportedly 'free" Products, such that they were not receiving a deal or price reduction at all.

42.     Defendants continue to engage in the false, deceptive, and misleading marketing advertising campaign described herein.

## FIRST CAUSE OF ACTION

### Violation of the California Consumers Legal Remedy Act

### [Cal. Civil Code §§ 1750, *et seq.*]

43.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

44.     Plaintiffs and members of the Class have standing to pursue a cause of action for violation of the Consumer Legal Remedies Act because they have suffered an injury-in-fact and lost money as a result of Defendants' actions as set forth herein.

45.     Plaintiffs and the members of the Class are each a "Consumer" as that term is defined by Cal. Civil Code § 1761(d).

46.     The Products marketed and sold by Defendants are "Goods" as that term is defined by Cal. Civil Code § 1761(a).

47.     Each Defendant is a "Person" as that term is defined by Cal. Civil Code § 1761(c).

48.     The transactions described herein are "Transactions" as that term is defined by Cal. Civil Code § 1761(e).

49.     Defendants' policies, acts, and practices described above were intended to induce consumers to purchase the Products.

50.     Defendants made uniform material misrepresentations and omissions regarding the nature of "free" Products that they knew, or should have known, were deceptive and likely to cause consumers to purchase the Products in reliance upon said representations.

51.     Defendants violated and continue to violate § 1770(a)(9) by knowingly advertising goods with intent not to sell them as advertised.

52.     Defendants violated and continue to violate § 1770(a)(13) by knowingly making false and misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

53.     Defendants violated, and continue to violate, § 1770(a)(14) by knowingly representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve.

54.     Defendants' actions described above were done with conscious disregard of the rights of Plaintiffs and members of the Class.

55.     Plaintiffs and members of the Class have been directly and proximately damaged by Defendants' actions described herein.

56.     Pursuant to § 1780(a), Plaintiffs seek injunctive relief in the form of an order enjoining the wrongful acts and practices of Defendants. Plaintiffs will be irreparably harmed if such an order is not granted.

57.     Additionally, on April 21, 2017, Plaintiffs mailed Defendants notice of their violations of Cal. Civil Code § 1770 in accordance with Cal. Civil Code § 1782. If Defendants fail to make the demanded corrections within thirty (30) days of receipt of Plaintiffs' notice, Plaintiffs will seek leave to amend the Complaint to claim damages under the CLRA.

58.     Plaintiffs seek the recovery of court costs and attorneys' fees pursuant to Cal. Civil Code § 1780(e).

/ / /

/ / /

/ / /

/ / /

**Class Action Complaint**

## SECOND CAUSE OF ACTION

### False and Misleading Advertising

### [Business & Professions Code §§ 17500, *et seq*.]

59.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

60.     Cal. Bus. & Prof. Code § 17500 states that "[i]t is unlawful for any ... corporation ... with  intent … to dispose  of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

61.     Defendants' material misrepresentations and omissions alleged herein violate Bus. & Prof. Code § 17500.

62.     Additionally, Defendants engaged in a widespread and extensive advertising campaign wherein the term "free" was used as a term similar to "prize" or "gift" in a manner that is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, in violation of Bus. & Prof. Code § 17537.

63.     Defendants knew, or should have known, that their advertising campaign was false, deceptive, and misleading.

64.     Pursuant to Business & Professions Code §§ 17203, 17500, and 17537, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage in, use, or employ their practice of advertising the sale of the Products.

65.     Further, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of said misrepresentations.

66.     Additionally, Plaintiffs and the Class seek an order requiring Defendants to pay actual damages and statutory treble damages pursuant to Bus. & Prof. Code § 17537.4; and attorneys' fees pursuant to Bus. & Prof. Code § 17537.4 and/or Civ. Code § 1021.5.

### THIRD CAUSE OF ACTION

**Violation of the California Unfair Competition Law**

**[Business and Professions Code §§ 17200, *et seq*.]**

67.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

68.     Plaintiffs and the members of the Class have standing to pursue a cause of action against Defendants for unfair, unlawful, and fraudulent business acts or practices because they have suffered an injury-in-fact and lost money as a result of Defendants' actions and/or omissions as set forth herein.

69.     Defendants' conduct is unlawful under Bus. & Prof. Code § 17200 because it is in violation of the CLRA, FAL (including Bus. & Prof. Code § 17537), Section 5 of the Federal Trade Commission Act, and 16 C.F.R. § 251.1.

70.     Defendants' conduct described herein is unfair under Bus. & Prof. Code § 17200 because it is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiffs, the Class, and the public.

71.     Defendants knew, or should have known, that their advertising campaign was false, deceptive, and misleading.

72.     The misrepresentations and omissions by Defendants of the material facts detailed above constitute a fraudulent business practice within the meaning of Bus. & Prof. Code § 17200.

73.     There were reasonably available alternatives to further Defendants' legitimate business interests.

/ / /

/ / /

74.     Reasonable consumers had no way of knowing that Defendants were engaged in false, deceptive, and misleading advertising, and therefore could not have reasonably avoided the injuries that they suffered.

75.     Defendants' wrongful conduct is ongoing and part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

76.     Pursuant to Cal. Business & Professions Code § 17203, Plaintiffs seek an injunction enjoining Defendants from continuing to engage in the unfair competition described above, or any other act prohibited by law.

77.     Plaintiffs also seek rescission and an order requiring Defendants to make full restitution and to disgorge their ill-gotten gains wrongfully obtained from members of the Class as permitted by Cal. Business & Professions Code § 17203.

78.     Plaintiffs seek attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

79.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

80.     Plaintiffs and the members of the Class conferred an economic benefit upon Defendants by purchasing the Products, which were intended to be used for the benefit of Plaintiffs and members of the Class.

81.     Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs and the members of the Class.

82.     Plaintiffs and members of the Class would either not have paid the full price for the Products or not purchased the Products had they known that their purchase of the Products did not genuinely include additional "free" Products.

83.     Defendants accepted and retained the economic benefit conferred by Plaintiffs and members of the Class under circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

84.     Plaintiffs and the members of the Class request restitution, as detailed below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as follows:

A.      For and order certifying the Class defined herein under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B.      For a declaration that Defendants' conduct violates the statutes referenced herein;

C.      For an order enjoining Defendants from conducting their business through the unlawful, unfair, and fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

D.      For an order requiring Defendants to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

E.      For an order requiring Defendants to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing, plus pre- and post-judgment interest thereon;

F.      For an order requiring Defendants to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendants as a result of their acts or practices as alleged in this Complaint;

G.      For an award of damages to Plaintiffs and the Class; and

H.      For such other and further relief as may be just and proper.

DATED:  May 3, 2017             **MARLIN & SALTZMAN, LLP**
                                **LAW OFFICE OF W. HANSULT**


                                By:   _s/  Stanley D. Saltzman_
                                       Stanley D. Saltzman, Esq.
                                       William A. Baird, Esq.
                                       Adam M. Tamburelli, Esq.
                                       Attorneys for Plaintiffs

**Class Action Complaint**

1

## <u>JURY DEMAND</u>

2
Plaintiffs demand a trial by jury on all causes of action so triable.

3

4
DATED:   May 3, 2017                          **MARLIN & SALTZMAN, LLP**
                                              **LAW OFFICE OF W. HANSULT**

5

6
                                      By: ___s/  Stanley D. Saltzman___
7
                                              Stanley D. Saltzman, Esq.
                                              William A. Baird, Esq.
8
                                              Adam M. Tamburelli, Esq.
                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Class Action Complaint**